Pieter D. Speyer
Calif. State Bar No. 45984
7825 Fay Avenue, Suite 200
La Jolla, CA. 92037
Telephone (858)551-6888
Fax No. (619) 696-0735

Attorney for Plaintiffs

FILED
08 MAY -6 PM 3:46
CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

'08 CV 0820 JLS BLM

SAMUEL AARON CHAVEZ and ISAAC GABRIEL CHAVEZ, Minor Children by their Next Friend JAMES GARCIA

v.

MICHAEL B. MUKASEY, Attorney General;
UNITED STATES DEPARTMENT OF JUSTICE;
MICHAEL CHERTOFF, Secretary of Homeland Security;
DEPARTMENT OF HOMELAND SECURITY;
JULIE MYERS, Assistant Secretary of Homeland Security;
U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT;
GARY MEAD, Director Office of Detention and Removal U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
KATRINA S. KANE, Field Office Director Office of Detention and Removal for Arizona U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT
ROBIN BAKER, Field Office Director Office of Detention and Removal for Southern California U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT

Defendants.

Case No. ________________

**COMPLAINT FOR FOR DECLARATORY RELIEF AND INJUNCTION**

# EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE

## INTRODUCTION

Plaintiffs request to bring this action by a guardian ad litem in forma pauperis as set forth in Exhibit A [hereinafter "Exh A."] to request, pursuant to FRCP § 65(b), 28 USC §§ 2201and 2202 that this Court enter a declaratory judgment in their favor and issue a temporary restraining order and an order to show cause why a preliminary injunction should not issue to prevent the Removal of their father from the United States.

Plaintiffs' father has been ordered removed from the United States based upon an Immigration Judge's finding that the plaintiffs would not suffer "exceptional and extremely unusual hardship." The Immigration Judge made that determination **without hearing <u>one</u> word** from the plaintiffs. [See Exhibit B, "Certified Administrative Record of Proceedings" filed in "J Jesus Chavez-Teja v. Michael B. Mukasey; No. 07-74111; A 98-290-750; U.S. Court of Appeals for the 9th Circuit (2007); hereafter "Exh. B"]

The Immigration Judge made his decision pursuant to the terms of the Immigration and Nationality Act [INA] (8 USC ) and the Federal Regulations (8 CFR) issued in pursuance of the INA. In his decision the Immigration Judge called the law: "very severe, even harsh, some say, in how the hardship requirement is evaluated. This Court is bound by the law as interpreted by the Board of Immigration Appeals." [Exh. B, pp. 28, 47.]

The Board of Immigration Appeals made a final decision in this matter,

upholding that finding, dated September 21, 2007.

The United States Court of Appeals for the 9th Circuit issued its mandate on March 13, 2008 based on its finding that it had no jurisdiction in that the Immigration and Nationality Act prohibits it.

Neither the INA nor the Regulations provide the plaintiffs any opportunity to have their interests represented in the immigration court, despite the fact that the applicable portion of the statute, INA § 240A(b)(1)(D), 8 USC § 1229b(b)(1)(D) purports to be based upon concerns for the plaintiffs' welfare.

Plaintiffs herein contend that as United States Citizens they will be deprived of *liberty and property* in violation of due process of law, unless and until they are given the opportunity to be heard regarding their father's Removal *before* the defendants fulfill their statutory duty to execute the Final Order of Removal now in effect against Plaintiffs' father, J. Jesus Chavez-Teja, A98-290-758.

## JURISDICTION

1) This Court has jurisdiction over the claims alleged in this Complaint pursuant to 28 U.S.C. §1331 (federal question); 28 U.S.C. §1361 (Action to compel an officer of the United States to perform his duty); and 28 U.S.C. §§2201, 2202 (declaratory relief).

2) An actual case or controversy exists between plaintiffs and defendants . The plaintiffs seek a declaration of their rights by the court. They contend that by removing plaintiffs' parent from the United States, defendants' will be applying immigration laws and regulations which deny plaintiffs notice and the opportunity

to be heard before subjecting them to the loss of liberty and property. Plaintiffs contend that the execution of the pending removal order against their father will violate the rights conferred upon them by the first section of the Fourteenth Amendment (Citizenship); the Fifth Amendment (Federal Due Process of Law); and the Tenth Amendment (Rights Retained by the People).

3) The Plaintiffs' next friend, James Garcia, seeks to be appointed as Guardian ad litem to assist Plaintiffs in their efforts to secure their Civil Rights as citizens of the United States.

4) Plaintiffs seek to proceed in *forma pauperis* based upon the fact that they have no independent income, property, or other source of support, as set forth in Exh A, the Declaration of James Garcia.

## VENUE

5) Venue is proper in this Judicial District pursuant to 28 USC §1391(e) in that a substantial part of the events or omissions giving rise to the claim occurred in San Diego, California, or a substantial part of property that is the subject of the action is situated in San Diego, California.

## EXHAUSTION

6) There are no administrative remedies available for the Plaintiffs to exhaust. INA § 240A(b)(1), 8 U.S.C. § 1229b(b)(1) provides for "Cancellation of Removal" as a remedy against removal [formerly deportation] from the United States. Sub section (D) of that act includes as an element of cancellation that the Respondent in Removal proceedings: "establishes that removal would result in exceptional and

extremely unusual hardship to the alien's spouse, parent, or **child, who is a citizen of the United States** or an alien lawfully admitted for permanent residence"[emphasis supplied]. Nevertheless, nothing in the law or the administrative regulations provides a child, who is a citizen of the United States, as is each of the plaintiffs in this case, any notice or opportunity to be heard regarding the pending determination of his or her rights.

7) Plaintiffs' father attempted to raise the issue of his childrens' possible suffering, based upon the father's removal from the United States. A parent's third-party right to assert a non-reviewable "exceptional and extremely unusual hardship" on a child's behalf, as provided under INA § 240A(b); 8 USC § 1229b(b) is a far cry from the individually defended "best interest of the child" standard which the government in any civilized society owes its children. Congress' failure to recognize and implement such a standard while systematically eliminating judicial protections against abuse illustrates either an oversight or a blind eye, intentionally turned to the plight of our most vulnerable citizens.

8) Further, the defendants' ability to promulgate regulations pursuant to INA § 103(a)(3), 8 U.S.C. §1103(a)(3) prevent them from abdicating responsibility for the constitutional violations they are perpetrating upon the plaintiffs.

9) Both INA §240A(b); 8 U.S.C. §1229b(b) and INA §301(a); 8 U.S.C. §1401(a) recognize and establish that plaintiffs have certain rights which the defendants must take into account and accommodate. Defendants' failure to exercise their powers in a manner which would make their behavior conform with the mandates of the Constitution should estop them from carrying out any deportation order against Plaintiffs' father until the Government creates administrative remedies for the plaintiffs to exhaust. Thus the defendants themselves are perpetuating a system

which allows the plaintiffs no adaquate remedy at law.

## DEFENDANTS

10) Defendant MICHAEL B. MUKASEY is sued in his official capacity as Attorney General of the United States. As Attorney General he is charged with overseeing the Executive Office of Immigration Review and with promulgating regulations for the administration of their duties.

11) Defendant MICHAEL CHERTOFF is sued in his official capacity as Secretary of the Department of Homeland Security [DHS]. As Secretary of DHS [See H.R. 5710(2002)] is responsible for the administration and enforcement of the immigration laws of the United States.

12) Defendant JULIE MYERS, is sued in her official capacity as Assistant Secretary of DHS for U.S. Immigration and Customs Enforcement [ICE]. ICE is comprised of five integrated divisions (Detention and Removal Operations, Investigations, Federal Protective Service, Intelligence and International Affairs). She is charged with enforcement of the immigration laws of the United States;

13) Defendant GARY MEAD is sued in his official capacity as Director Office of Detention and Removal ICE.

14) Defendant, KATARINA KANE is sued in her official capacity as Field Office Director Office of Detention and Removal, for Arizona ICE.

15) Defendant, ROBIN BAKER is sued in his official capacity as Field Office Director Office of Detention and Removal, for Southern California ICE.

## PLAINTIFFS

16) JAMES GARCIA, the Plaintiffs' next friend, seeks to be appointed as Guardian ad litem to assist Plaintiffs in their efforts to secure their Civil Rights as citizens of the United States.

17) ISAAC GABRIEL CHAVEZ is a minor child who is a citizen of the United States by virtue of his birth in San Diego, California December 11, 1999. [Exh B p.137]. He is the child of a father who has lived in the United States since 1990, enjoys good moral character, has never suffered any convictions. Isaac's father provides him with food, clothing, the shelter of a home he is purchasing in an area with access to the elementary school Isaac attends . In an eight page decision, an Immigration Judge granted Isaac's father voluntary departure with an alternate order of removal and deportation from the United States on July 10, 2006. That decision followed a hearing which occupied fully sixteen pages of efficiently received evidence. At the conclusion of the hearing, in which Isaac did not testify the Immigration Judge held that Isaac would not suffer sufficiently extremely unusual hardship to prevent the loss of either Isaac's father's companionship or the food, clothing, the shelter of a home the father was purchasing in an area with access to the elementary school Isaac attends. The Immigration Judge allowed that the law is: "very severe, even harsh, some say, in how the hardship requirement is evaluated." He explained further: "This Court is bound by the law as interpreted by the Board of Immigration Appeals." [Exh. B, pp. 28, 47.]

18) SAMUEL AARON CHAVEZ is a minor child who is a citizen of the United States by virtue of his birth in San Diego, California March 26, 2002. A p.138]. He is the child of a father who has lived in the United States since 1990, enjoys good moral character, has never suffered any convictions. Samuel's father

provides him with food, clothing, the shelter of a home he is purchasing in an area with access to the elementary school Samuel attends . In the same 8 page decision following the same 16 page hearing, in which Samuel did not testify, either, the Immigration Judge held that Samuel would not suffer sufficiently extremely unusual hardship for the Judge to be able to prevent the loss of either Samuel's father's companionship or the food, clothing, and shelter of a home the father was purchasing in an area with access to the elementary school Samuel attends. The Immigration Judge's deference to being bound "by the law as interpreted by the Board of Immigration Appeals" [Exh. A, pp. 28, 47.] constitutes a feeble admission that his decision denied the SAMUEL AARON CHAVEZ and his brother ISAAC due process of law.

**INJUNCTION**

19) Plaintiffs are bringing this action pursuant to FRCP § 65(b), 28 USC §§ 2201and 2202. They petition this Court issue a temporary restraining order and an order to show cause why a preliminary injunction should not issue to prevent the Removal of their father from the United States.

20) Plaintiffs' father has been ordered removed from the United States based upon an Immigration Judge's finding that the plaintiffs would not suffer "exceptional and extremely unusual hardship."

21) The Immigration Judge made his decision pursuant to the terms of the Immigration and Nationality Act and the Federal Regulations issued as authorized by INA § 103(a)(3); 8 U.S.C. §1103(a)(3). In his decision the Immigration Judge called the law: "very severe, even harsh, some say, in how the hardship requirement is evaluated. This Court is bound by the law as interpreted by the Board of Immigration Appeals."

[Exh B, pp. 28, 47.]

22) The Board of Immigration Appeals made a final decision in this matter, upholding that finding, dated September 21, 2007.

23) The United States Court of Appeals for the 9th Circuit issued its mandate on March 13, 2008 based on its finding that it had no jurisdiction in that the Immigration and Nationality Act prohibits it.

24) Plaintiffs are before this court to seek a Declaratory Judgment to support the injunction they request, declaring that their Civil Rights are being violated by the Defendants' implementation of the immigration laws as they apply to the Plaintiffs through their father. Plaintiffs contend that they will suffer irreparable harm as a result of their father's Removal from the United States. They point out that as United States Citizens they will be **deprived of *liberty and property* in violation of due process of law, unless and until they are given the opportunity to be heard regarding their father's Removal *before* the defendants fulfill their statutory duty to execute the Final Order of Removal** now in effect against Plaintiffs' father, J. Jesus Chavez-Teja, A98-290-758.

**COUNT ONE**

**FOURTEENTH AMENDMENT CITIZENSHIP**

**and**

**FIFTH AMENDMENT DUE PROCESS OF LAW**

25) The Fourteenth Amendment establishes in Section 1, both the fact of

citizenship and the standard which the United States considers necessary to be required of its member states in dealing with its citizens..

> **"Section. 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside**. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

26) The Fifth Amendment establishes that the concept of due process of law, repeated in Section 1 of the Fourteenth Amendment applies, to the Federal Government as well. It provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, **nor be deprived of life, liberty, or property, without due process of law;** nor shall private property be taken for public use, without just compensation..

27) In this case, Plaintiffs, children, born in the U.S.A., are threatened with removal from their homes, deprivation either of access to their parents or the educational opportunities included in their birthright[1] and subjected to the forfeiture

---

[1] "Today, education is perhaps the most important function of state and local governments. Compulsory school attendance laws and the great expenditures for education both demonstrate our recognition of the importance of education to our democratic society. It is required in the

of their home and property; all without any right to representation.

28) The forfeiture of liberty and property proposed to be inflicted upon Plaintiffs by the Defendants amounts to institutional child abuse [2], violating every precept of civilized society embodied in the concept of due process of law. [See White v. Rochford, 592 F.2d 381(7th Cir. 1979), holding that the "unjustified and arbitrary refusal of police officers to lend aid to children endangered by the performance of official duty" (arresting the children's uncle on the Chicago Skyway, while leaving the children by the side of the road in the car) "violates the constitution where that refusal ultimately results in physical and emotional injury to the children. We hold that such conduct indisputably breaches the Due Process Clause."]

29) The kind of injustice resulting from omission of the right to be heard was

---

performance of our most basic public responsibilities, even service in the armed forces. It is the very foundation of good citizenship. Today it is a principal instrument in awakening the child to cultural values, in preparing him for later professional training, and in helping him to adjust normally to his environment. In these days, it is doubtful that any child may reasonably be expected to succeed in life if he is denied the opportunity of an education. Such an opportunity, where the state has undertaken to provide it, is a right which must be made available to all on equal terms."*Brown v. Board of Education*, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954)

2 Such an omission constitutes "deliberate indifference" despite knowledge of a substantial risk of serious harm. Deliberate indifference to the needs of a foster child by a state agent constitutes child abuse. Lawrence G. Albrecht, *Human Rights Paradigms for Remedying Governmental Child Abuse*, 40 Washburn Law Journal 447, 455-456 (2001).

foreseen by the founding fathers and prohibited by the adoption of the Bill of Rights.

30) As the Immigration and Nationality Act and the Regulations set forth in 8 Code of Federal Regulations now stand, there is no right to express one's own "exceptional and extremely unusual hardship." As a consequence children, born in the U.S.A., without notice or the opportunity to be heard are forced to chose between access to their parents or the educational opportunities included in their birthright; between removal from their homes into a foster home setting, or removal from their country in the company of their parents. In short, United States citizen children are exposed by governmental action to loss of liberty and property without notice or the opportunity to be heard.

31) In this matter, however, defendants have the ability to promulgate regulations pursuant to the statutory authorization contained in INA § 103(a)(3), 8 U.S.C. §1103(a)(3).

32) Both INA §240A(b); 8 U.S.C. §1229b(b) and INA §301(a); 8 U.S.C. §1401(a) recognize and establish that plaintiffs have certain rights which the defendants must take into account and accommodate.

33) Defendants' failure to exercise their powers in a manner which would make their behavior conform with the mandates of the Constitution should estop them from carrying out any deportation order against Plaintiffs' father until the Government creates appropriate administrative remedies for the plaintiffs to exhaust.

34) Estoppel, however, is not a self-executing remedy. Absent an order from this court enjoining removal, Plaintiffs' father, will be subjected to the execution of the Immigration Judge's removal order. Unless the court enjoins execution of the Removal order against J. Jesus Chavez-Teja, A98-290-758, it will be carried out; allowing the Defendants to knowingly take advantage of their own curable violations of the Plaintiffs' fundamental rights.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all claims so triable.

## PRAYER FOR RELIEF

Wherefore the Plaintiffs' respectfully request the following:

1) Allow SAMUEL AARON CHAVEZ and ISAAC GABRIEL CHAVEZ, Minor Children to proceed in *Forma Pauperis*.

2) Appoint James Garcia as guardian ad Litem for the Plaintiffs.

3) Issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring the order of the immigration judge void because the defendants have not provided a means for plaintiffs to receive notice or the opportunity to be heard regarding governmental actions which will deprive them of liberty and property.

4) Temporarily restrain the Department of Homeland Security, the defendants, as well as all of their associates, agents and employees from executing the order of Removal against J. Jesus Chavez-Teja, A 98 290 758.

5) Order Defendants to show cause why they should not be preliminarily enjoined from executing the order of Removal until such time as the Defendants grant Plaintiffs a regulatory administrative remedy of the opportunity to be heard regarding the hardship to which they will be subjected as a direct consequence of their father's removal from the United States.

6) Grant plaintiffs their reasonable attorney fees and costs pursuant to 28 U.S.C. §

2412, and other applicable law;

7) Grant such other and further relief as this Court deems just and proper.

Dated: May 5, 2008

Respectfully submitted

Pieter D. Speyer
Attorney for Plaintiffs
SAMUEL AARON CHAVEZ and
ISAAC GABRIEL CHAVEZ,
Minor Children by their Next Friend,
JAMES GARCIA

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SAMUEL AARON CHAVEZ and ISAAC GABRIEL CHAVEZ, Minor Children by their Next Friend, JAMES GARCIA

**(b)** County of Residence of First Listed Plaintiff SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pieter D. Speyer, CSB 45984, 7825 Fay Ave., Ste. 200, La Jolla, CA 92037, (858) 551-6888

**DEFENDANTS**
Michael B.Mukasey, Attorney General; Micheal Chertoff, Secretary of Homeland Security, et al.

FILED
08 MAY -6 PM 3:46
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'08 CV 0820 JLS BLM

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 U.S.C. 1361 ; 28 U.S.C. 2201 and 2202
Brief description of cause:
Declaratory Judgment and Injunction to prohibit father's deportation until Defendants issue regulations

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 05/05/2008 SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE