Pieter D. Speyer
Calif. State Bar No. 45984
7825 Fay Avenue, Suite 200
La Jolla, CA. 92037
Telephone (858)551-6888
Fax No. (619) 696-0735

Attorney for Plaintiffs

FILED
08 MAY -6 PM 3:46
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL AARON CHAVEZ and ISAAC GABRIEL CHAVEZ, Minor Children by their Next Friend JAMES GARCIA<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary of Homeland Security; DEPARTMENT OF HOMELAND SECURITY; JULIE MYERS, Assistant Secretary of Homeland Security; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; GARY MEAD, Director Office of Detention and Removal U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT ROBIN BAKER, Field Office Director Office of Detention and Removal for Southern California U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT<br><br>Defendants. | '08 CV 0820 JLS BLM<br>Case No. ______________<br><br>DECLARATION OF JAMES GARCIA ON BEHALF OF SAMUEL AARON CHAVEZ, a minor; and ISAAC GABRIEL CHAVEZ, a minor<br><br>IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS TO SEEK AN EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

I, JAMES GARCIA, declare:

1.) That I am the next friend of the proposed plaintiffs herein SAMUEL AARON CHAVEZ, age 6 and ISAAC GABRIEL CHAVEZ, age 8, who are both Minor

Children.

2.) That neither SAMUEL AARON CHAVEZ, nor ISAAC GABRIEL CHAVEZ is currently employed or has been previously employed.

3.) That the only moneys either SAMUEL AARON CHAVEZ, or ISAAC GABRIEL CHAVEZ have received in the last 12 months were given to them by their parents, principally their father, J. Jesus Chavez-Teja, whose imminent deportation the plaintiffs herein are suing to enjoin.

4.) That neither SAMUEL AARON CHAVEZ, nor ISAAC GABRIEL CHAVEZ have any material assets other than children's personalty which they fear will be taken from them along with their father before they are given the opportunity to be heard.

5.) That no one depends upon SAMUEL AARON CHAVEZ, or ISAAC GABRIEL CHAVEZ, who on the contrary are dependent upon their father for support which they fear will be taken from them before they are given the opportunity to be heard.

6.) That because of poverty, there is an inability to pay the initial costs of the proceeding or give security therefore.

7.) That declarant believes that SAMUEL AARON CHAVEZ, and ISAAC GABRIEL CHAVEZ are entitled to file the instant matter in forma pauperis.

Executed at San Diego, California this ________ Day of April 2008. I declare under penalty of perjury that the foregoing is true and correct.

James Garcia

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 13 2008

MOLLY DWYER, ACTING CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| J. JESUS CHAVEZ-TEJA,<br><br>Petitioner<br><br>v.<br><br>MICHAEL B. MUKASEY, Attorney General,<br><br>Respondent | No. 07-74111<br>INS No. A98-290-758<br><br>**MANDATE** |

The judgment of this Court, entered 2/20/08 takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly Dwyer
Acting Clerk of Court

By: Lee-Ann Collins
Deputy Clerk

FILED

FEB 20 2008

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

J. JESUS CHAVEZ-TEJA,

Petitioner,

v.

MICHAEL B. MUKASEY, Attorney General,

Respondent.

No. 07-74111

Agency No. A98-290-758

ORDER

Before: WALLACE, LEAVY and RYMER, Circuit Judges.

We have reviewed the response to the court's November 23, 2007 order to show cause and respondent's motion to dismiss this petition for lack of jurisdiction, and we conclude that petitioner has failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926 (9th Cir. 2005); *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001); *Urbano de Malahuan v. INS*, 577 F.2d 589 (9th Cir. 1978). Accordingly, respondent's motion to dismiss this petition for review for lack of jurisdiction is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero-Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003); *Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir. 2002).

07-74111

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir. 2004), shall continue in effect until issuance of the mandate.

**DISMISSED.**

**U.S. Departm... of Justice**

TWH:RH:bjk
39-8-5705

*Washington, D.C. 20530*

December 13, 2007

Pieter D. Speyer, Esquire
7825 Fay Avenue, Suite 200
La Jolla, CA 92037

Re: J Jesus Chavez-Teja v. Michael B. Mukasey
No. 07-74111: A98 290 758

Dear Counsel:

Enclosed is a copy of the Certified Administrative Record of Proceedings filed in the above-referenced case. The Executive Office of Immigration Review (EOIR) will be filing a copy of this record on CD-Rom with the Ninth Circuit Court of Appeals.

Please serve this office at the address listed on the Certificate of Service with two copies of any brief and one copy of any other papers you file with the court in this case. We will accept such service as fully satisfying all of the requirements of service on the Government so long as this case is within the jurisdiction of the Court of Appeals.

Sincerely,

THOMAS W. HUSSEY
Director
Office of Immigration Litigation

By: Tracey D. Wood

TRACEY WOOD
Paralegal Specialist, Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

Enclosure
cc: w/o enclosure
Clerk, U.S. Court of Appeals Ninth Circuit

## CERTIFICATE OF SERVICE

I certify that on **December 13, 2007**, one copy of the ***Certified Administrative Record*** was served on the petitioner's counsel by deposit in the established Department of Justice mail collection location in sufficient time for same-day collection and transmittal via Federal Express to:

Pieter D. Speyer, Esquire
7825 Fay Avenue, Suite 200
La Jolla, CA 92037

TRACEY WOOD
Paralegal Specialist
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

REBECCA HOFFBERG
Attorney for Respondent
(202) 305-7052

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

No. 07-74111

| | | |
|---|---|---|
| J JESUS CHAVEZ-TEJA, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Petition for Review |
| | ) | of an Immigration Matter |
| MUKASEY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

CERTIFIED ADMINISTRATIVE RECORD

A98-290-758

# INDEX

## RECORD FILE - REMOVAL PROCEEDINGS

J JESUS CHAVEZ-TEJA

A98-290-758


Page

Decision of the Board of Immigration Appeals,
September 21, 2007 . . . . . 1

Pre-BIA Decision Information . . . . . 4

Notice of Appeal to the Board of Immigration Appeals,
July 27, 2006 . . . . . 18

Order of the Immigration Judge,
July 10, 2006 . . . . . 21

Oral Decision of the Immigration Judge,
July 10, 2006 . . . . . 22

Transcript of Hearing,
August 30, 2004 . . . . . 51

Transcript of Hearing,
July 10, 2006 . . . . . 55

Exhibit 3 . . . . . 70

Exhibit 2 . . . . . 124

Pre-Immigration Judge Decision Information . . . . . 176

Exhibit 1 . . . . . 195

**U.S. Department of Justice**

Executive Office for Immigration Review

*Office of General Counsel*

5107 Leesburg Pike, Suite 2400
Falls Church, Virginia 22041

Re: J JESUS CHAVEZ-TEJA

A98-290-758

I, Shirley A. Raynor, declare as follows:

1. I am employed as a Government Contractor by the Executive Office for the Immigration Review of the United States Department of Justice. I am authorized to certify the authenticity of copies of documents on file in the Office of the Immigration Judge, Phoenix Arizona.

2. The attached documents are true, correct and complete copies of the documents included in the Record of Proceeding to date, maintained in the above office on this case.

Pursuant to 28 USC 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed by: Shirley Raynor (signature) on: 12-07-07 (date)

**U.S. Department of Ju**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**CHAVEZ-TEJA, J JESUS**
**601 E. SOUTH MOUNTAIN AVE. #A-8**
**PHOENIX, AZ 85042-0000**

**Office of the District Counsel/PHO**
**P.O.Box 25158**
**Phoenix, AZ 85002**

**Name: CHAVEZ-TEJA, J JESUS** **A98-290-758**

**Date of this notice: 9/21/2007**

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Donna Carr

Donna Carr
Chief Clerk

Enclosure

Panel Members:
PAULEY, ROGER

U.S. Department of Justice
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

File: A98 290 758 - Phoenix, AZ

Date: SEP 21 2007

In re: J. JESUS CHAVEZ-TEJA

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Pro se

ON BEHALF OF DHS: John R. Holya
Assistant Chief Counsel

APPLICATION: Cancellation of removal under section 240A(b); voluntary departure

The respondent, a 38-year-old native and citizen of Mexico, appeals from the Immigration Judge's decision of July 10, 2006, denying his application for cancellation of removal under section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b).[1] On appeal, the respondent argues that the Immigration Judge failed to accurately assess the equities in this case. According to the respondent, his two United States citizen children, ages 5 and 7, will suffer exceptional and extremely unusual hardship if he is ordered removed to Mexico. We disagree. When we consider all the potential hardship factors presented in this case in the aggregate, we find that the respondent failed to establish that his children would suffer hardship that is substantially beyond the ordinary hardship that would be expected when a close family member leaves the country (I.J. at 5-7; Tr. at 10-14; Exh. 3). *See Matter of Monreal*, 23 I&N Dec. 56 (BIA 2001); *see also Matter of Andazola*, 23 I&N Dec. 319 (BIA 2002). Accordingly, we affirm the Immigration Judge's decision, for the reasons stated therein, denying the respondent's application for cancellation of removal under section 240A(b) of the Act.

ORDER: The respondent's appeal is dismissed.

FURTHER ORDER: Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondent is permitted to voluntarily depart from the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the

---

[1] We note that the respondent checked the box on the Notice of Appeal (NOA) indicating that he intended to file a separate brief or written statement in support of his appeal, but failed to do so within the time set for filing. The NOA contains a clear warning that an appeal may be summarily dismissed under such circumstances. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E). However, the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this matter arises, has held that it is not appropriate for the Board to summarily dismiss an appeal based on the appealing party's failure to file a promised brief where, as here, the reasons for the appeal are provided in the NOA. *See Casas-Chavez v. INS*, 300 F.3d 1088 (9th Cir. 2002).

A98 290 758

Department of Homeland Security (DHS). *See* section 240B(b) of the Immigration and Nationality Act; 8 C.F.R. §§ 1240.26(c), (f). In the event the respondent fails to so depart, the respondent shall be removed as provided in the Immigration Judge's order.

NOTICE: If the respondent fails to depart the United States within the time period specified, or any extensions granted by the DHS, the respondent shall be subject to a civil penalty of not less than $1,000 and not more than $5,000, and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Immigration and Nationality Act. *See* section 240B(d) of the Act.

FOR THE BOARD

U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

CHAVEZ-TEJA, J JESUS
601 E. SOUTH MOUNTAIN AVE #A-8
PHOENIX, AZ 85042-0000

Office of the District Counsel/PHO
P.O.Box 25158
Phoenix, AZ 85002

Name: CHAVEZ-TEJA, J JESUS

A98-290-758

Type of Proceeding: Removal

Date of this notice: 12/01/2006

Type of Appeal: Case Appeal

Appeal filed by: Alien

Date of Appeal: 07/27/2006

## NOTICE -- BRIEFING SCHEDULE

- Enclosed is a copy of the decision of the Immigration Judge.
- Enclosed is a copy of the transcript of the testimony of record.
- Appealing party is granted until 12/22/2006 to submit a brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.
- Opposing party is granted until 01/12/2007 to submit a reply brief to the Board of Immigration Appeals . The brief must be **RECEIVED** at the Board on or before this date.

**WARNING:** If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to file the brief or statement within the time set for filing in this briefing schedule, the Board may summarily dismiss your appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records. Thank you for your cooperation.**

A fee is not required for the filing of a brief. Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing (

98-290-758

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If the alien is represented by counsel at the appeal level, a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- Including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:

Board of Immigration Appeals,
Clerk's Office,
5107 Leesburg Pike, Suite 2000,
Falls Church, VA 22041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:

Board of Immigration Appeals
Clerk's Office
P.O. Box 8530
Falls Church, VA 22041.

**FILING INSTRUCTIONS -- Extension Request.**

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause. All extension requests must be in writing. Telephonic or fax requests will not be accepted.

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule. Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

The policy of the Board is that no additional extensions will be granted.

PATRICIA M. VROOM
DISTRICT COUNSEL

By: JOHN R. HOLYA
Assistant District Counsel
Department of Homeland Security
2035 N. CENTRAL AVENUE
PHOENIX, AZ 85004

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS

| | |
|---|---|
| In the Matter of: ) | |
| CHAVEZ-TEJA, J. Jesus ) | File No: A98 290 758 |
| IN REMOVAL PROCEEDINGS ) | |
| Phoenix District ) | |

**DEPARTMENT OF HOMELAND SECURITY**

**MOTION FOR SUMMARY AFFIRMANCE**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS

| | |
|---|---|
| In the Matter of: | |
| CHAVEZ-TEJA, J. Jesus | File No: A98 290 758 |
| IN REMOVAL PROCEEDINGS | |
| Phoenix District | |

**DEPARTMENT OF HOMELAND SECURITY**

**MOTION FOR SUMMARY AFFIRMANCE**

The Department of Homeland Security requests that the Board of Immigration Appeals summarily affirm the decision of the Immigration Judge dated July 10, 2006, pursuant to 8 CFR § 1003.1(e)(4)(i) (2006).

RESPECTFULLY SUBMITTED, this 19 day of December, 2006.

Patricia M. Vroom
District Counsel

John R. Holya
Assistant District Counsel

## CERTIFICATE OF SERVICE

I hereby certify that one (1) copy of the Service's MOTION FOR SUMMARY AFFIRMANCE was served upon Respondent's attorney by placing it in the U.S. mail, postage prepaid, on the 19 day of December, 2006 addressed as follows:

J. Jesus Chavez-Teja
601 E. South Mountain Avenue #A-8
Phoenix, AZ 85042

Dated: December 19, 2006

Laurie Atwood
Legal Assistant

**U.S. Department of Just...**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

---

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

CHAVEZ-TEJA, J JESUS
601 E. SOUTH MOUNTAIN AVE #A-8
PHOENIX, AZ 85042-0000

Office of the District Counsel/PHO
P.O.Box 25158
Phoenix, AZ 85002

**Name: CHAVEZ-TEJA, J JESUS** **A98-290-758**

**Type of Proceeding: Removal**

**Date of this notice: 12/01/2006**

**Type of Appeal: Case Appeal**

**Appeal filed by: Alien**

**Date of Appeal: 07/27/2006**

## NOTICE -- BRIEFING SCHEDULE

- o Enclosed is a copy of the decision of the Immigration Judge.
- o Enclosed is a copy of the transcript of the testimony of record.
- o Appealing party is granted until 12/22/2006 to submit a brief to the Board of Immigration Appeals. The brief must be **RECEIVED** at the Board on or before this date.
- o Opposing party is granted until 01/12/2007 to submit a reply brief to the Board of Immigration Appeals . The brief must be **RECEIVED** at the Board on or before this date.

**WARNING:** If you indicated on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal. If you fail to file the brief or statement within the time set for filing in this briefing schedule, the Board may summarily dismiss your appeal. *See* 8 C.F.R. § 1003.1(d)(2)(i)(E).

**FILING INSTRUCTIONS -- In General.**

**IMPORTANT: The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for records. Thank you for your cooperation.**

A fee is not required for the filing of a brief. Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing (

Use of an over-night courier service is strongly encouraged to ensure timely filing.

If the alien is represented by counsel at the appeal level, a Notice of Entry of Appearance as Attorney or Representative before the Board of Immigration Appeals (Form EOIR-27) must be filed with the Board.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

Filing Address:

To send by courier or overnight delivery service, or to deliver in person:

Board of Immigration Appeals,
Clerk's Office,
5107 Leesburg Pike, Suite 2000,
Falls Church, VA 22041

Business hours: Monday through Friday, 8:00 a.m. to 4:30 p.m.

To mail by regular first class mail:

Board of Immigration Appeals
Clerk's Office
P.O. Box 8530
Falls Church, VA 22041.

**FILING INSTRUCTIONS – Extension Request.**

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time will only be granted for good cause. All extension requests must be in writing. Telephonic or fax requests will not be accepted.

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule. Requests for extension of briefing time received after expiration of the initial briefing period, will not be granted.

The policy of the Board is that no additional extensions will be granted.

**U.S. Department of Jus**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

CHAVEZ-TEJA, J JESUS
601 E. SOUTH MOUNTAIN AVE #A-8
PHOENIX, AZ 85042-0000

Office of the District Counsel/PHO
P.O.Box 25158
Phoenix, AZ 85002

Name: CHAVEZ-TEJA, J JESUS

A98-290-758

Type of Proceeding: Removal

Date of this notice: 07/27/2006

Type of Appeal: Case Appeal

Filed by: Alien

**FILING RECEIPT FOR APPEAL**

The Board of Immigration Appeals acknowledges receipt of your appeal and fee or fee waiver request (where applicable) on 07/27/2006 in the above-referenced case.

**PLEASE NOTE:**

In all future correspondence or filings with the Board, please list the name and alien registration number ("A" number) of the case (as indicated above), as well as all of the names and "A" numbers for every family member who is included in this appeal.

If you have any questions about how to file something at the Board, you should review the Board's Practice Manual and Questions and Answers at www.usdoj.gov/eoir.

Proof of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the DHS at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

**WARNING:** If you leave the United States after filing this appeal but before the Board isssues a decision, your appeal will be considered withdrawn and the Immigration Judge's decision will become final as if no appeal had been taken (unless you are an "arriving alien" as defined in the regulations under 8 C.F.R. section 1001.1(q)).

[redacted]

3 4706

UNITED STATES POSTAL SERVICE

0000

U.S. POSTAGE
PAID
PHOENIX.AZ
85004
JUL 25.'06
AMOUNT

$4.88
00043727-06

J. Jesus Chavez Teja
751 E. Bradley Avenue Apt #1
El Cajon, CA 92021

**TO:**
Board of Immigration Appeals
Clerk's Office
P.O. Box 8530
Falls Church, VA 22041

U.S. DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
200 E. MITCHELL DR., SUITE 200
PHOENIX, AZ 85012

In the Matter of:
CHAVEZ-TEJA, J JESUS

Case No.: A98-290-758

RESPONDENT

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

Upon the basis of respondent's admissions, I have determined that the respondent is subject to removal on the charge(s) in the Notice to Appear. The respondent has made application solely for voluntary departure in lieu of removal.

It is HEREBY ORDERED that the respondent be GRANTED voluntary departure in lieu of removal, without expense to the Government on or before Sep 8, 2006 or any extensions as may be granted by the District Director, Immigration and Naturalization Service, and under whatever conditions the District Director may direct.

It is FURTHER ORDERED:

[X] That the respondent post a voluntary departure bond in the amount of $500 with the Immigration and Naturalization Service on or before July 14, 2006.

[ ] That the respondent shall provide the Immigration and Naturalization Service travel documentation sufficient to assure lawful entry into the country to which the alien is departing within 60 days of this order, or within any time extensions that may be granted by the Immigration and Naturalization Service.

[ ] Other ______

It is FURTHER ORDERED that if any of the above ordered conditions are not met as required, the above order shall be withdrawn without futher notice or proceedings and the following shall thereupon become immediately effective: respondent shall be removed to Mexico on the charge(s) in the Notice to Appear.

It is FURTHER ORDERED that if respondent fails to depart as required, the above order shall be withdrawn without further notice or proceedings and the following order shall become immediately effective: respondent shall be removed to Mexico on the charge(s) in the Notice to Appear.

You have been granted voluntary departure from the United States pursuant to section 240B of the Immigration and Nationality Act. Remaining in the United States beyond the authorized date will result in your being found ineligible
ICG

for certain forms of relief under the Immigration and Nationality Act (see Section A. below) for a period of ten (10) years from the date of scheduled departure. Your Voluntary departure bond, if any, will also be breached. Additionally, if you fail to voluntarily depart the United States within the time period specified, you shall be subject to a civil penalty of not less than $1000 and not more than $5000.

A. THE FORMS OF RELIEF FROM REMOVAL FOR WHICH YOU WILL BE INELIGIBLE ARE:

1) Voluntary departure as provided for in section 240B of the Immigration and Nationality Act;
2) Cancellation of removal as provided for in section 240A of the Immigration and Nationality Act; and
3) Adjustment of status or change of status as provided for in section 245, 248 or 249 of the Immigration and Nationality Act.

This written notice was provided to the alien in English. Oral notice of the contents of this notice was given to the alien in his/her native language, or in a language he/she understands.

JOHN W. RICHARDSON
Immigration Judge
Date: Jul 10, 2006

Appeal: WAIVED (A/I/B)
Appeal Due By:

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)
TO: [✓] ALIEN [ ] ALIEN c/o Custodial Officer [✓] Alien's ATT/REP [✓] INS
DATE: 7/10/06 BY: COURT STAFF
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other

T7

IMMIGRATION COURT
200 E. MITCHELL DR., SUITE 200
PHOENIX, AZ 85012

In the Matter of
CHAVEZ-TEJA, J JESUS
Respondent

Case No.: A98-290-758

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jul 10, 2006. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[ ] The respondent was ordered removed from the United States to or in the alternative to

[ ] Respondent's application for voluntary departure was denied and respondent was ordered removed to or in the alternative to

[X] Respondent's application for voluntary departure was granted until 9.8.06 upon posting a bond in the amount of $ 500 NLT 7.14.06 with an alternate order of removal to Mexico.

Respondent's application for:

[ ] Asylum was ( ) granted ( ) denied ( ) withdrawn
[ ] Withholding of removal was ( )granted ( ) denied ( ) withdrawn
[ ] A Waiver under Section ____ was ( ) granted ( ) denied ( ) withdrawn
[ ] Cancellation under Section 240A(a) was ( )granted ( )denied ( )withdrawn

Respondent's application for:

[X] Cancellation under Section 240A(b)(1) was ( ~~) granted~~ (X) denied ~~( ) withdrawn. If granted it is ordered that the respondent be issued all appropriated documents necessary to give effect to this order.~~

[ ] Cancellation under Section 240A(b)(2) was ( ) granted ( ) denied ( ) withdrawn. If granted it is ordered that the respondent be issued all appropriated documents necessary to give effect to this order.

[ ] Adjustment of Status under Section ____ was ( ) granted ( ) denied ( ) withdrawn. If granted it is ordered that the respondent be issued all appropriated documents necessary to give effect to this order.

[ ] Respondent's application of ( ) witholding of removal ( ) deferral of removal under Article III of the Convention Against Torture was ( ) granted ( ) denied ( ) withdrawn.

[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a ______ until ________.
[ ] As a condition of admission, respondent is to post a $ _______ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper notice.
[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[ ] Other: ________________________________

Date: Jul 10, 2006

JOHN W. RICHARDSON
Immigration Judge

Appeal: ~~Waived~~/Reserved Appeal Due By: 8.9.06

Alien

ICG

ALIEN NUMBER: 98-290-758

ALIEN NAME: CHAVEZ-TEJA, J JESUS

CERTIFICATE OF SERVICE

THIS DOCUMENT WAS SERVED BY: MAIL (M) PERSONAL SERVICE (P)
TO: [ ] ALIEN [ ] ALIEN c/o Custodial Officer [ ] ALIEN's ATT/REP [ ] INS
DATE: 7/10/06 BY: COURT STAFF
Attachments: [ ] EOIR-33 [ ] EOIR-28 [ ] Legal Services List [ ] Other

Q6

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
PHOENIX, AZ

Aug 1, 2006

A 98-290-758
CHAVEZ-TEJA, J JESUS

TO: Board of Immigration Appeals
Office of the Clerk
P.O. Box 8530
Falls Church, VA 22041

This Record of Proceeding (ROP) is forwarded to the Board of Immigration Appeals, for consideration of the following:

[✓] Appeal of the Immigration Judge decision.
[✓] Appeal of Immigration Judge decision on a motion to reopen.

Please note:

[ ] The respondent / applicant is DETAINED.
[ ] Other ______________________

[ ] This ROP is for an appeal on a decision entered prior to July 1, 1996.
This ROP is being submitted to APU at the following stage:

[ ] Notice of Appeal filed. Tapes need to be transcribed.
[ ] IJ has signed decision. Briefing schedule needs to be set.
[ ] Motion for Extension of Time to Extend Briefing Schedule has been submitted.
[ ] Briefing Schedule is complete / expired.

PZ

CMK

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

## Notice of Appeal from a Decision of an Immigration Judge

Staple Check or Money Order Here. Include Name(s) and "A" number(s) on the face of the check or money order.

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR

1. **List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):**

   CHAVEZ-Teja, J. Jesus A98 290 758

   ! WARNING: Names and "A" Numbers of everyone appealing the Immigration Judge's decision must be written in item #1.

2. I am the [x] Respondent/Applicant [ ] INS *(Mark only one box.)*

3. I am [ ] DETAINED [x] NOT DETAINED *(Mark only one box.)*

4. My last hearing was at 200 E. Mitchell Dr., Suite 200, Phoenix, AZ 85012 *(Location, City, State)*

5. **What decision are you appealing?**

   *Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

   [x] I am filing an appeal from the Immigration Judge's decision *in merits proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated July 10, 2006.

   [ ] I am filing an appeal from the Immigration Judge's decision *in bond proceedings* dated ______________.

   [ ] I am filing an appeal from the Immigration Judge's decision ***denying a motion to reopen or a motion to reconsider*** dated ______________.

   *(Please attach a copy of the Immigration Judge's decision you are appealing.)*

OMB# 1125-0002; Expires 12/31/02

Form EOIR-26
Revised Sept. 2002



*Internet Version*

6. **State in detail the reason(s) for this appeal. Please refer to the Instructions at part F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.**

The Immigration Judge failed to accurately assessed the equities in this case. The harm to my children from my removal does cause extreme and unusual hardship.

*(Attach additional sheets if necessary)*

**! WARNING: You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal or any statement attached to this Notice of Appeal, why you are appealing.**

7. Do you desire oral argument before the Board of Immigration Appeals? ☐ Yes ☑ No

8. Do you intend to file a separate written brief or statement after filing this Notice of Appeal? ☑ Yes ☐ No

**! WARNING: If you mark "Yes" in item #8, you will be expected to file a written brief or statement after you receive a briefing schedule from the Board. The Board may summarily dismiss your appeal if you do not file a brief or statement within the time set in the briefing schedule.**

9. X [signature: Jesus Chavez Tcja] July 26, 2006

Signature of Person Appealing *(or attorney or representative)* Date

Form EOIR-26
Revised Sept. 2002



*Internet Version*

**10. Mailing Address of Respondent(s)/Applicant(s)**

J. Jesus Chavez Teja
(Name)

751 E. Bradley Avenue
(Street Address)

Apt #1
(Apartment or Room Number)

El Cajon, CA 92021
(City, State, Zip Code)

(619)449-5480
(Telephone Number)

**11. Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s)**

(Name)

(Street Address)

(Suite or Room Number)

(City, State, Zip Code)

(Telephone Number)

RECEIVED DEPARTMENT OF JUSTICE EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
JUL 27 2006
BOARD OF IMMIGRATION APPEALS OFFICE OF THE CLERK

NOTE: You must notify the Board within five (5) working days if you move to a new address. You must use the Change of Address Form (Form EOIR-33/BIA).

NOTE: If an attorney or representative signs this appeal for you, he or she must file with this appeal, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**12. PROOF OF SERVICE**
**(You Must Complete This)**

I J. Jesus Chavez Teja (Name) mailed or delivered a copy of this Notice of Appeal

on July 26, 2006 (Date) to Office of the District Counsel/PHO (Opposing Party)

at P. O. Box 25158, Phoenix, AZ 85002 (Address of Opposing Party)

X J Jesus Chavez Teja
Signature

NOTE: If you are the Respondent or Applicant, the "Opposing Party" is the District Counsel for the INS.

WARNING: If you do not complete this section properly, your appeal will be rejected or dismissed.

WARNING: If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal will be rejected or dismissed.

**HAVE YOU?**

- ☐ Read all of the General Instructions
- ☐ Provided all of the requested information
- ☐ Completed this form in English
- ☐ Provided a certified English translation for all non-English attachments
- ☐ Signed the form
- ☐ Served a copy of this form and all attachments on the opposing party
- ☐ Completed and signed the Proof of Service
- ☐ Attached the required fee or Fee Waiver Request



Form EOIR-26
Revised Sept. 2002

*Internet Version*

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW

JUL 21 2006

BOARD OF
IMMIGRATION APPEALS
OFFICE OF THE CLERK

IMMIGRATION COURT
200 E. MITCHELL DR., SUITE 200
PHOENIX, AZ 85012

In the Matter of
CHAVEZ-TEJA, J JESUS
Respondent

Case No.: A98-290-758

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on Jul 10, 2006. This memorandum is solely for the convenience of the parties. If the proceedings should be appealed or reopened, the oral decision will become the official opinion in the case.

[ ] The respondent was ordered removed from the United States to or in the alternative to

[ ] Respondent's application for voluntary departure was denied and respondent was ordered removed to or in the alternative to

[X] Respondent's application for voluntary departure was granted until 9.8.06 upon posting a bond in the amount of $ 500 NLT 7.14.06 with an alternate order of removal to Mexico.

Respondent's application for:

[ ] Asylum was ( ) granted ( ) denied ( ) withdrawn
[ ] Withholding of removal was ( )granted ( ) denied ( ) withdrawn
[ ] A Waiver under Section ____ was ( ) granted ( ) denied ( ) withdrawn
[ ] Cancellation under Section 240A(a) was ( )granted ( )denied ( )withdrawn

Respondent's application for:

[X] Cancellation under Section 240A(b)(1) was ~~( ) granted~~ (X) denied ~~( ) withdrawn. If granted it is ordered that the respondent be issued all appropriated documents necessary to give effect to this order.~~

[ ] Cancellation under Section 240A(b)(2) was ( ) granted ( ) denied ( ) withdrawn. If granted it is ordered that the respondent be issued all appropriated documents necessary to give effect to this order.

[ ] Adjustment of Status under Section ____ was ( ) granted ( ) denied ( ) withdrawn. If granted it is ordered that the respondent be issued all appropriated documents necessary to give effect to this order.

[ ] Respondent's application of ( ) witholding of removal ( ) deferral of removal under Article III of the Convention Against Torture was ( ) granted ( ) denied ( ) withdrawn.

[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _______ until _______.
[ ] As a condition of admission, respondent is to post a $ _______ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper notice.
[ ] Respondent was advised of the limitation on discretionary relief for failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[ ] Other: ____________________

Date: Jul 10, 2006

JOHN W. RICHARDSON
Immigration Judge

Appeal: ~~Waived~~/Reserved Allen

Appeal Due By: 8.9.06

ICG

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Phoenix, Arizona

File No.: A 98 290 758 July 10, 2006

In the Matter of )
)
J. JESUS CHAVEZ TEJA ) IN REMOVAL PROCEEDINGS
)
Respondent )

CHARGE: Present in the United States without admission, inspection, or parole.

APPLICATIONS: Cancellation of removal for certain nonpermanent residents.

ON BEHALF OF RESPONDENT: Jose Bracamonte

ON BEHALF OF DHS: John Holya

ORAL DECISION OF THE IMMIGRATION JUDGE

The Respondent is a 36-year old male alien, native and citizen of Mexico. He was placed in removal proceedings by the issuance of a Notice to Appear dated May 11, 2004. At this proceedings, through counsel, he has admitted the factual ~~s and~~ allegations, conceded the charge, and designated Mexico as the country of removal. Based upon those admissions, the charge is sustained.

He has submitted an application seeking relief under Section 240A(b)(1) of the Immigration and Nationality Act. That Section permits the discretionary cancellation of removal in the case of an alien who is inadmissible or deportable from the United States

if the alien has been present in the United States for a continuous period of not less than ten years immediately preceding the date of such application ~~with~~ and service of the Notice to Appear; has been a person of good moral character during that period; has not been convicted of any offense under Sections 212(a)(2), 237(a)(2), or 237(a)(3); and establishes that removal would result in exceptional and extremely unusual hardship to the alien spouse, parent, or child who is ~~the~~ a citizen of the United States or an alien admitted for permanent residence.

Exceptional and extremely unusual hardship is not a definable term ~~in~~ of fixed and inflexible meaning. The elements to establish such hardship are dependent upon the facts and circumstances of each case. To establish exceptional and extremely unusual hardship, an applicant must demonstrate that his spouse, parent, or child would suffer hardship that is substantially beyond that which would ordinarily be expected to result from the alien's deportation, but need not show that such hardship would be unconscionable. Matter of Monreal, 23 I&N Dec. 56 (BIA 2001). ~~The~~ Although many factors that were considered in assessing extreme hardship for suspension of deportation should also be considered in evaluating exceptional and extremely unusual hardship, an applicant for cancellation of removal must demonstrate hardship beyond that which has historically been required in suspension of deportation cases involving the extreme hardship standard. Id. Those factors are set forth in Matter of

Anderson, 16 I&N Dec. 596 (BIA 1978).

Other factors long considered by the Board of Immigration Appeals are what are the Respondent's other apparent methods of adjustment available to him. Matter of Recinas, 23 I&N Dec. 467 (BIA 2002). Other factors include a heavy financial and family burden on the Respondent, the children's level of fluency in the applicable foreign language, lawful residence in this country, Respondent's immediate family commitment, lack of family in the country nationality, and whether the Respondent is a single parent solely responsible for the care of children. Matter of Recinas, supra

The Court must consider the ages, health, and circumstances of qualifying relatives. Matter of Monreal, supra A lower standard of living or adverse country conditions in the country of return are factors to be considered only in so far as they affect a qualifying relative, which generally will be insufficient in and of themselves to support a finding of exceptional and extremely unusual hardship. Id. Likewise, poor economic conditions and diminished educational opportunities are factors to be considered but alone are generally insufficient. Matter of Andazola, 23 I&N Dec. 319 (BIA 2002).

Indeed, all hardship factors should be considered in the aggregate when assessing exceptional and extremely unusual hardship. Matter of Monreal, supra; Matter of Recinas, supra It would be rare for a single factor to rise to the level of

exceptional and extremely unusual hardship. The Court must in each case assess the hardship factors in their totality often ~~determined by~~ termed a cumulative analysis. Matter of Recinas, supra Congress intended that cancellation of removal should be available to nonpermanent residents only in compelling cases. Matter of Monreal, supra

The Court has observed the testimony and demeanor of the witness ~~thus~~ and find~~ing~~s him credible.

The facts in the case are not in dispute and are as follows. The Respondent is a 36-year old male Mexican national. He came to the United States in 1990 at the age of 14. He has two departures, one in 1994 briefly to get married and another in 2003 when he was granted voluntary return by a Border Patrol officer. The officer told the Respondent that it was better for him to simply sign papers and return to Mexico because if he saw a judge he would just be ordered deported. The Respondent testified that he was nervous and he signed the documents. The Government stipulates that that does not meet the minimum standards of due process in compliance with case law of the Board of Immigration Appeals and the Ninth Circuit Court of Appeals.

The Respondent is married to an undocumented Mexican national. There are two children as a result of that marriage, Samuel, who's four and Isaac, who's six. Isaac has just completed first grade and will be entering second grade next year. Both children are in good health as are the Respondent and

his wife, presumably. The children have never lived in Mexico and the Respondent testifies that they are apprehensive of going to Mexico; they have heard tales of poverty and crimes in that country. He believes that they will suffer hardships due to his inability to work and earn a sustainable income such as he has in the United States, due to the poor economy of Mexico. He does have construction skills in the United States. He testified he's trying to get a general contractor license, in fact. His wife and children would accompany him back to Mexico. These children speak English as their primary and preferred language, although they do speak also some Spanish.

The evidence of record does establish that the Respondent has been physically present in the United States for at least ten years immediately preceding the date of the application or date of service of Notice to Appear upon him.

The evidence of record also establishes the Respondent is a person of good moral character and has been so for the entire ten years previously found to have been established.

The Court does find that the Respondent has failed in his burden to establish exceptional and extremely unusual hardship to his only qualifying relatives, Samuel and Isaac. At the ages of four and six, they are very young. At such young ages, they are easily adaptable. They cannot be found to have immersed themselves into the United States lifestyle, culture, society, or educational system. Hardship to them primarily revolves around

diminished education and economic opportunities. Under precedent decisions of the Board of Immigration Appeals, such hardships cannot be found to rise to the level of exceptional and extremely unusual hardship.

The children are in good health.

The children speak English and some Spanish. As such, their ability to understand and speak some Spanish will ease their transition into the Mexican school-system. The ~~Board~~ Court does recognize that Mexico likely will not provide these children with an education equal to that which might be obtained in the United States, such diminished educational opportunities do not establish exceptional and extremely unusual hardship.

The Respondent's spouse is an undocumented Mexican national and she's testified that she and the two children would accompany him back to Mexico. Thus there is no issue of family separation.

The Respondent has construction skills. Such job skills are marketable in Mexico as well as in the United States. There is no objective evidence indicating that the Respondent could not find work to support himself, his children, and his spouse. He is relatively young. He is healthy and thus able to work in Mexico and provide for his family. While the economy in Mexico is poor, millions of Mexican citizens live and work and provide for themselves and their families in Mexico. Furthermore, whatever financial difficulties the Respondent's children might have are not likely to be significantly different from those

occasioned by removal generally, particularly to a country with a weaker economy and comparably fewer employment opportunities. Adjustment to a lower standard of living generally will be insufficient in and of itself to support a finding of exceptional and extremely unusual hardship.

The Court acknowledges that the Respondent and his family appear to present the picture of the model family. They appear to be assets to the community. They appear to be hard-working, honorable people. However, the law is very severe, even harsh, some say, in how the hardship requirement is evaluated. This Court is bound by the law as interpreted by the Board of Immigration Appeals. The Court will grant a period of voluntary departure. The following orders are hereby entered.

ORDER

IT IS HEREBY ORDERED that the application for cancellation of removal is denied.

IT IS FURTHER ORDERED that in lieu of an order of removal, the Respondent be granted voluntary departure from the United States on or before September 8, 2006.

IT IS FURTHER ORDERED that ~~it be~~ he posted with the Department of Homeland Security a voluntary departure bond in the amount of $500.00 on or before July 14, 2006.

IT IS FURTHER ORDERED that if he fails to post such bond or depart the United States by the date required, the following order shall be immediately effective without further notice or

proceedings:

He shall be removed and deported from the United States to Mexico.

John W. Richardson
Immigration Judge

CERTIFICATE PAGE

I hereby certify that the attached proceeding before JUDGE JOHN W. RICHARDSON, in the matter of:

J. JESUS CHAVEZ TEJA

A 98 290 758

Phoenix, Arizona

is an accurate, verbatim transcript of the cassette tape as provided by the Executive Office for Immigration Review and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

Jennifer S. Goldmeier, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland 21401
(301) 261-1902

November 17, 2006
(completion date)

By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony BEC/T-147, 4-channel transcriber or equivalent, as described in Section C, paragraph C.3.3.2 of the contract, was used to transcribe the Record of Proceeding shown in the above paragraph.

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Phoenix, Arizona

File No.: A 98 290 758 July 10, 2006

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| J. JESUS CHAVEZ TEJA | ) | IN REMOVAL PROCEEDINGS |
| | ) | |
| Respondent | ) | |

CHARGE: Present in the United States without admission, inspection, or parole.

APPLICATIONS: Cancellation of removal for certain nonpermanent residents.

| ON BEHALF OF RESPONDENT: | ON BEHALF OF DHS: |
|---|---|
| Jose Bracamonte | John Holya |

## ORAL DECISION OF THE IMMIGRATION JUDGE

The Respondent is a 36-year old male alien, native and citizen of Mexico. He was placed in removal proceedings by the issuance of a Notice to Appeal dated May 11, 2004. At this proceedings, through counsel, he has admitted the fact~~s and~~ual allegations, conceded the charge, and designated Mexico as the country of removal. Based upon those admissions, the charge is sustained.

He has submitted an application seeking relief under Section 240A(b)(1) of the Immigration and Nationality Act. That Section permits the discretionary cancellation of removal in the case of an alien who is inadmissible or deportable from the United States

if the alien has been present in the United States for a continuous period of not less than ten years immediately preceding the date of such application ~~with~~ and service of the Notice to Appear, has been a person of good moral character during that period, has not been convicted of any offense under Sections 212(a)(2), 237(a)(2), or 237(a)(3), and establishes that removal would result in exceptional and extremely unusual hardship to the alien spouse, parent, or child who is ~~the~~ a citizen of the United States or an alien admitted for permanent residence.

Exceptional and extremely unusual hardship is not a definable term ~~in~~ of fixed and inflexible meaning. The elements to establish such hardship are dependent upon the facts and circumstances of each case. To establish exceptional and extremely unusual hardship, an applicant must demonstrate that his spouse, parent, or child would suffer hardship that is substantially beyond that which would ordinarily be expected to result from the alien's deportation, but need not show that such hardship would be unconscionable. <u>Matter of Monreal</u>, 23 I&N Dec. 56 (BIA 2001). ~~The~~ Although many factors that were considered in assessing extreme hardship for suspension of deportation should also be considered in evaluating exceptional and extremely unusual hardship, ~~An~~ an applicant for cancellation of removal must demonstrate hardship beyond that which has historically been required in suspension of deportation cases involving the extreme hardship standard. <u>Id</u>. Those factors are set forth in <u>Matter of</u>

Anderson, 16 I&N Dec. 596 (BIA 1978).

~~Other~~ factors long considered by the Board of Immigration Appeals ~~are what are~~ the Respondent's other apparent methods of adjustment available to him. Matter of Recinas, 23 I&N Dec. 467 (BIA 2002). Other factors include a heavy financial and family burden on the Respondent, the children's level of fluency in the applicable foreign language, lawful residence in this country, Respondent's immediate family ~~commitment~~, lack of family in the country nationality, and whether the Respondent is a single parent solely responsible for the care of children. Matter of Recinas, supra

The Court must consider the ages, health, and circumstances of qualifying relatives. Matter of Monreal, supra A lower standard of living or adverse country conditions in the country of return are factors to be considered only in so far as they affect a qualifying relative, ~~which~~ generally will be insufficient in and of themselves to support a finding of exceptional and extremely unusual hardship. Id. Likewise, poor economic conditions and diminished educational opportunities are factors to be considered but alone are generally insufficient. Matter of Andazola, 23 I&N Dec. 319 (BIA 2002).

Indeed, all hardship factors should be considered in the aggregate when assessing exceptional and extremely unusual hardship. Matter of Monreal, supra; Matter of Recinas, supra It would be rare for a single factor to rise to the level of

exceptional and extremely unusual hardship. The Court must in each case assess the hardship factors in their totality often ~~determined by~~ termed a cumulative analysis. Matter of Recinas, supra Congress intended that cancellation of removal should be available to nonpermanent residents only in compelling cases. Matter of Monreal, supra

The Court has observed the testimony and demeanor of the witness ~~thus~~ and finds him credible.

The facts in the case are not in dispute and are as follows. The Respondent is a 36-year old male Mexican national. He came to the United States in 1990 at the age of 14. He has two departures, one in 1994 briefly to get married and another in 2003 when he was granted voluntary return by a Border Patrol officer. The officer told the Respondent that it was better for him to simply sign papers and return to Mexico because if he saw a judge he would just be ordered deported. The Respondent testified that he was nervous and he signed the documents. The Government stipulates that that does not meet the minimum standards of due process in compliance with case law of the Board of Immigration Appeals and the Ninth Circuit Court of Appeals.

The Respondent is married to an undocumented Mexican national. There are two children as a result of that marriage, Samuel, who's four and Isaac, who's six. Isaac has just completed first grade and will be entering second grade next year. Both children are in good health as are the Respondent and

his wife, presumably. The children have never lived in Mexico and the Respondent testifies that they are apprehensive of going to Mexico; they have heard tales of poverty and crimes in that country. He believes that they will suffer hardships due to his inability to work and earn a sustainable income such as he has in the United States, due to the poor economy of Mexico. He does have construction skills in the United States. He testified he's trying to get a general contractor license, in fact. His wife and children would accompany him back to Mexico. These children speak English as their primary and preferred language, although they do speak also some Spanish.

The evidence of record does establish that the Respondent has been physically present in the United States for at least ten years immediately preceding the date of the application and date of service of Notice to Appear upon him.

The evidence of record also establishes the Respondent is a person of good moral character and has been so for the entire ten years previously found to have been established.

The Court does find that the Respondent has failed in his burden to establish exceptional and extremely unusual hardship to his only qualifying relatives, Samuel and Isaac. At the ages of four and six, they are very young. At such young ages, they are easily adaptable. They cannot be found to have immersed themselves into the United States lifestyle, culture, society, or educational system. Hardship to them primarily revolves around

diminished education and economic opportunities. Under precedent decisions of the Board of Immigration Appeals, such hardships cannot be found to rise to the level of exceptional and extremely unusual hardship.

The children are in good health.

The children speak English and some Spanish. As such, their ability to understand and speak some Spanish will ease their transition into the Mexican school-system. The ~~Board~~ Court does recognize that Mexico likely will not provide these children with an education equal to that which might be obtained in the United States. However, such diminished educational opportunities do not establish exceptional and extremely unusual hardship.

The Respondent's spouse is an undocumented Mexican national and she's testified that she and the two children would accompany him back to Mexico. Thus there is no issue of family separation.

The Respondent has construction skills. Such job skills are marketable in Mexico as well as in the United States. There is no objective evidence indicating that the Respondent could not find work to support himself, his children, and his spouse. He is relatively young. He is healthy and thus able to work in Mexico and provide for his family. While the economy in Mexico is poor, millions of Mexican citizens live and work and provide for themselves and their families in Mexico. Furthermore, whatever financial difficulties the Respondent's children might have are not likely to be significantly different from those

occasioned by removal generally, particularly to a country with a weaker economy and comparably fewer employment opportunities. Adjustment to a lower standard of living generally will be insufficient in and of itself to support a finding of exceptional and extremely unusual hardship.

The Court acknowledges that the Respondent and his family appear to present the picture of the model family. They appear to be assets to the community. They appear to be hard-working, honorable people. However, the law is very severe, even harsh, some say, in how the hardship requirement is evaluated. This Court is bound by the law as interpreted by the Board of Immigration Appeals. The Court will grant a period of voluntary departure. The following orders are hereby entered.

ORDER

IT IS HEREBY ORDERED that the application for cancellation of removal is denied.

IT IS FURTHER ORDERED that in lieu of an order of removal, the Respondent be granted voluntary departure from the United States on or before September 8, 2006.

IT IS FURTHER ORDERED that ~~it be~~ he posted with the Department of Homeland Security a voluntary departure bond in the amount of $500.00 on or before July 14, 2006.

IT IS FURTHER ORDERED that if he fails to post such bond or depart the United States by the date required, the following order shall be immediately effective without further notice or

proceedings:

He shall be removed and deported from the United States to Mexico.

John W. Richardson
Immigration Judge

CERTIFICATE PAGE

I hereby certify that the attached proceeding before JUDGE JOHN W. RICHARDSON, in the matter of:

J. JESUS CHAVEZ TEJA

A 98 290 758

Phoenix, Arizona

is an accurate, verbatim transcript of the cassette tape as provided by the Executive Office for Immigration Review and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

Jennifer S. Goldmeier/ST

Jennifer S. Goldmeier, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland 21401
(301) 261-1902

November 17, 2006
(completion date)

By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony BEC/T-147, 4-channel transcriber or equivalent, as described in Section C, paragraph C.3.3.2 of the contract, was used to transcribe the Record of Proceeding shown in the above paragraph.

12345678910111213141516171819202122232425262728293031
2006 DEC
Received
BIA Clerk's Office
M

05/11/2004
Case Appeal
Transcribed Oral 1
CHAVEZ-TEJA, J JESUS

98-290-758

AK

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
Phoenix, Arizona

File No.: A 98 290 758 July 10, 2006

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | |
| J. JESUS CHAVEZ-TEJA | ) | IN REMOVAL PROCEEDINGS |
| | ) | |
| Respondent | ) | |

CHARGE: Present in the United States without admission, inspection, or parole.

APPLICATIONS: Cancellation of removal for certain nonpermanent residents.

ON BEHALF OF RESPONDENT: Jose Bracamonte

ON BEHALF OF DHS: John Holya

ORAL DECISION OF THE IMMIGRATION JUDGE

The Respondent is a 36-year old male alien, native and citizen of Mexico. He was placed in removal proceedings by the issuance of a Notice to Appear dated May 11, 2004. At this proceeding, through counsel, he has admitted the facts and allegations, conceded the charge, and designated Mexico as the country of removal. Based upon those admissions, the charge is sustained.

He has submitted an application seeking relief under Section 240A(b)(1) of the Immigration and Nationality Act. That Section permits the discretionary cancellation of removal in the case of an alien who is inadmissible or deportable from the United States

if the alien has been present in the United States for a continuous period of not less than ten years immediately preceding the date of such application with service of the Notice to Appear, has been a person of good moral character during that period, has not been convicted of any offense under Sections 212(a)(2), 237(a)(2), or 237(a)(3), and establishes that removal would result in exceptional and extremely unusual hardship to the alien spouse, parent, or child who is the citizen of the United States or an alien admitted for permanent residence.

Exceptional and extremely unusual hardship is not a definable term in fixed and inflexible meaning. The elements to establish such hardship are dependent upon the facts and circumstances of each case. To establish exceptional and extremely unusual hardship, an applicant must demonstrate that his spouse, parent, or child would suffer hardship that is substantially beyond that which would ordinarily be expected to result from the alien's deportation but need not show that such hardship would be unconscionable. Matter of Monreal, 23 I&N Dec. 56 (BIA 2001). The many factors that were considered in assessing extreme hardship for suspension of deportation should also be considered in evaluating exceptional and extremely unusual hardship. An applicant for cancellation of removal must demonstrate hardship beyond that which has historically been required in suspension of deportation cases involving the extreme hardship standard. Id. Those factors are set forth in Matter of

Anderson, 16 I&N Dec. 596 (BIA 1978).

Other factors long considered by the Board of Immigration Appeals are what are the Respondent's other apparent methods of adjustment available to him. Matter of Recinas, 23 I&N Dec. 467 (BIA 2002). Other factors include a heavy financial and family burden on the Respondent, the children's level of fluency in the applicable foreign language, lawful residence in this country, Respondent's immediate family commitment, lack of family in the country, nationality, and whether the Respondent is a single parent solely responsible for the care of children. Matter of Recinas, supra

The Court must consider the ages, health, and circumstances of qualifying relatives. Matter of Monreal, supra. A lower standard of living or adverse country conditions in the country of return are factors to be considered only in so far as they affect a qualifying relative, which generally will be insufficient in and of themselves to support a finding of exceptional and extremely unusual hardship. Id. Likewise, poor economic conditions and diminished educational opportunities are factors to be considered but alone are generally insufficient. Matter of Andazola, 23 I&N Dec. 319 (BIA 2002).

Indeed, all hardship factors should be considered in the aggregate when assessing exceptional and extremely unusual hardship. Matter of Monreal, supra; Matter of Recinas, supra It would be rare for a single factor to rise to the level of

exceptional and extremely unusual hardship. The Court must in each case assess the hardship factors in their totality often determined by a cumulative analysis. Matter of Recinas, supra Congress intended that cancellation of removal should be available to nonpermanent residents only in compelling cases. Matter of Monreal, supra

The Court has observed the testimony and demeanor of the witness thus finding him credible.

The facts in the case are not in dispute and are as follows. The Respondent is a 36-year old male Mexican national. He came to the United States in 1990 at the age of 14. He has two departures, one in 1994 briefly to get married and another in 2003 when he was granted voluntary return by a Border Patrol officer. The officer told the Respondent that it was better for him to simply sign papers and return to Mexico because if he saw a judge he would just be ordered deported. The Respondent testified that he was nervous and he signed the documents. The Government stipulates that that does not meet the minimum standards of due process in compliance with case law of the Board of Immigration Appeals and the Ninth Circuit Court of Appeals.

The Respondent is married to an undocumented Mexican national. There are two children as a result of that marriage, Samuel, who's four and Isaac, who's six. Isaac has just completed first grade and will be entering second grade next year. Both children are in good health as are the Respondent and

his wife, presumably. The children have never lived in Mexico and the Respondent testifies that they are apprehensive of going to Mexico; they have heard tales of poverty and crimes in that country. He believes that they will suffer hardships due to his inabilities to work and earn a sustainable income such as he has in the United States, due to the poor economy of Mexico. He does have construction skills in the United States. He testified he's trying to get a general contractor license, in fact. His wife and children would accompany him back to Mexico. These children speak English as their primary and preferred language although they do speak also some Spanish.

The evidence of record does establish that the Respondent has been physically present in the United States for at least ten years immediately preceding the date of the application, date of service of Notice to Appear upon it.

The evidence of record also establishes the Respondent is a person of good moral character and has been so for the entire ten years previously found to have been established.

The Court does find that the Respondent has failed in his burden to establish exceptional and extremely unusual hardship to his only qualifying relatives, Samuel and Isaac. At the ages of four and six, they are very young. At such young ages, they are easily adaptable. They cannot be found to have immersed themselves into the United States lifestyle, culture, society, or educational system. Hardship to them primarily revolves around

diminished education and economic opportunities. Under precedent decisions of the Board of Immigration Appeals, such hardships cannot be found to rise to the level of exceptional and extremely unusual hardship.

The children are in good health.

The children speak English and some Spanish. As such, their ability to understand and speak some Spanish will ease their transition into the Mexican school-system. The Board does recognize that Mexico likely will not provide these children with an education equal to that which might be obtained in the United States. Such diminished educational opportunities do not establish exceptional and extremely unusual hardship.

The Respondent's spouse is an undocumented Mexican national and she's testified that she and the two children would accompany him back to Mexico. Thus there is no issue of family separation.

The Respondent has construction skills. Such job skills are marketable in Mexico as well as in the United States. There is no objective evidence indicating that the Respondent could not find work to support himself, his children, and his spouse. He is relatively young. He is healthy and thus able to work in Mexico and provide for his family. While the economy in Mexico is poor, millions of Mexican citizens live and work and provide for themselves and their families in Mexico. Furthermore, whatever financial difficulties the Respondent's children might have are not likely to be significantly different from those

occasioned by removal generally, particularly to a country with a weaker economy and comparably fewer employment opportunities. Adjustment to a lower standard of living generally will be insufficient in and of itself to support a finding of exceptional and extremely unusual hardship.

The Court acknowledges that the Respondent and his family appear to present the picture of the model family. They appear to be assets to the community. They appear to be hard-working, honorable people. However, the law is very severe, even harsh, some say, in how the hardship requirement is evaluated. This Court is bound by the law as interpreted by the Board of Immigration Appeals. The Court will grant a period of voluntary departure. The following orders are hereby entered.

ORDER

IT IS HEREBY ORDERED that the application for cancellation of removal is denied.

IT IS FURTHER ORDERED that in lieu of an order of removal, the Respondent be granted voluntary departure from the United States on or before September 8, 2006.

IT IS FURTHER ORDERED that it be posted with the Department of Homeland Security a voluntary departure bond in the amount of $500.00 on or before July 14, 2006.

IT IS FURTHER ORDERED that if he fails to post such bond or depart the United States by the date required, the following order shall be immediately effective without further notice or

proceedings:

He shall be removed and deported from the United States to Mexico.

JOHN W. RICHARDSON
Immigration Judge

CERTIFICATE PAGE

I hereby certify that the attached proceeding before JUDGE JOHN W. RICHARDSON, in the matter of:

J. JESUS CHAVEZ TEJA

A 98 290 758

Phoenix, Arizona

is an accurate, verbatim transcript of the cassette tape as provided by the Executive Office for Immigration Review and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

Jennifer S. Goldmeier/ST

Jennifer S. Goldmeier, Transcriber

Free State Reporting, Inc.
1324 Cape St. Claire Road
Annapolis, Maryland 21401
(301) 261-1902

November 17, 2006
(completion date)

By submission of this CERTIFICATE PAGE, the Contractor certifies that a Sony BEC/T-147, 4-channel transcriber or equivalent, as described in Section C, paragraph C.3.3.2 of the contract, was used to transcribe the Record of Proceeding shown in the above paragraph.

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court

Matter of File A 98 290 758

| | | |
|---|---|---|
| J. JESUS CHAVEZ TEJA | ) | In Removal Proceedings |
| Respondent | ) | Transcript of Hearing |

Before JOHN W. RICHARDSON, Immigration Judge

Date: August 30, 2004 Place: Phoenix, Arizona

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:

Language:

Appearances:

For the Department of Homeland Security:

For the Respondent:

Jose Bracamonte

**U.S. Department of Justice**
Executive Office for Immigration Review
United States Immigration Court

Matter of | File A 98 290 758

J. JESUS CHAVEZ TEJA ) In Removal Proceedings
Respondent ) Transcript of Hearing

Before JOHN W. RICHARDSON, Immigration Judge

Date: August 30, 2004 Place: Phoenix, Arizona

Transcribed by FREE STATE REPORTING, INC., at Annapolis, Maryland

Official Interpreter:

Language:

Appearances:

For the Department of Homeland Security:

For the Respondent:

Jose Bracamonte